**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kazimierz CHMIELEWSKI, Defendant–Appellant.**

No. 99–1773.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 27, 1999.

Decided Nov. 18, 1999.

John R. Lausch, Jr. (argued), Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Steven Shobat (argued), Chicago, IL, John L. Malevitis, Chicago, IL, for Defendant–Appellant.

Before WOOD, JR., FLAUM, and EVANS, Circuit Judges.

TERENCE T. EVANS, Circuit Judge.

Kazimierz Chmielewski owned and operated the Protech Construction Company when it got on the wrong side of OSHA for several safety and health violations at a work site in Niles, Illinois. OSHA issued a citation against Protech proposing penalties of approximately $4,500 for seven "serious" violations and an additional $35,000 for the company's failure to install a guardrail on a scaffold—a violation OSHA characterized as "willful." Chmielewski, through an attorney, notified OSHA that Protech would fight the proposed penalties. One of the weapons Chmielewski decided to use, however, got him into more hot water: he bribed an OSHA inspector by slipping him $1,000 in cash. A second bribe, about 6 weeks later, involved Chmielewski's passing an additional $1,000 in cash to an OSHA supervisor. Eventually Chmielewski was charged with two counts of bribery of a public official in violation of 18 U.S.C. § 201(b)(1)(A). He pled guilty to one count (the other was dismissed per a plea agreement) and was sentenced. On this appeal, he challenges one aspect of his sentence.

When a defendant is convicted of giving a bribe, the federal sentencing guidelines establish a base offense level of 10. *See* § 2C1.1(a). Certain enhancements to the base offense level are then considered, and one is found in § 2C1.1(b)(2)(A) which provides, "If the value of the payment, the benefit received or to be received in return for the payment, or the loss to the government from the offense, whichever is greatest, exceed[s] $2,000," the offense level must be increased by the corresponding number of levels in the guideline's "Fraud and Deceit" table, § 2F1.1.

Here, the district judge found that Chmielewski paid the bribes to rid himself of the $35,000 "willful" violation and that his base offense level had to be jacked up by four levels because that sum was "more than $20,000 but less than $40,000" under § 2F1.1(6)(1)(E) of the guidelines. This finding, essentially one of fact, is reviewed deferentially for clear error. *United States v. Allender*, 62 F.3d 909 (7th Cir. 1995).

Chmielewski objected to the enhancement because, based largely on a postsentencing affidavit filed by his attorney, he says he was told by counsel, before the bribe was paid, that OSHA agreed to a negotiated settlement of $6,000 for all penalties. Thus, says Chmielewski, nothing, or at least nothing more than $6,000, was at stake when he greased the palms of the two OSHA officials.[1]

The problem with this argument is that secretly recorded conversations between Chmielewski and the bribees leave little doubt about the quid to be received for Chmielewski's quo. The two $1,000 bribes were given on December 9, 1994, and January 23, 1995. Even if Chmielewski's attorney had worked out a deal by then to wrap up the violations for only $6,000, the evidence clearly suggests that Chmielew-

---

1. The OSHA violations were, in fact, resolved with a $6,000 payment, but that occurred on November 16, 1995, more than 10 months after the hay was in the barn.

ski himself was not up to speed on those negotiations, for his recorded conversations demonstrate that he paid $2,000 to wipe away the $35,000 "willful" penalty. Therefore, it was not clearly erroneous for the judge to have found that when the money changed hands the "benefit" Chmielewski thought he was receiving—and that's all that is necessary for the § 2C1 enhancement to kick in—was worth at least $35,000. The very best that can be said is that it's possible Chmielewski unwittingly overpaid his bribe to get out of dutch with OSHA ($2,000 is a steep price to pay to get off a $6,000 hook), but that doesn't make his conduct less egregious, only more stupid.

AFFIRMED.